IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 2:20-cr-00129-1

LARRY JAMES WILLIAMS

MEMORANDUM OPINION AND ORDER

Pending before the court are Defendant Larry James Williams's Motion for Compassionate Release [ECF No. 181], Motion for Appointment of Legal Counsel [ECF No. 182], and Motion for United States Probation Investigation and Recommendation [ECF No. 183]. For the reasons stated herein, Mr. Williams's motions are **DENIED**.

I.   Background

On September 13, 2021, I sentenced Mr. Williams to a 70-month term of imprisonment followed by 3 years of supervised release after he pleaded guilty to Possession with Intent to Distribute Quantities of Heroin, Acetyl Fentanyl, Methamphetamine, and Fentanyl in violation of 21 U.S.C. § 841(a)(1) (Count One) and being a Felon in Possession of Firearms in violation of 18 U.S.C. § 922(g)(1) (Count Four). [ECF No. 164].

On December 22, 2022, Mr. Williams filed his Motion for Compassionate Release. [ECF No. 181]. In his motion, Mr. Williams alleges that he suffers from "asthma contributing to diminished lung capacity" and from "[gunshot] bullets . . . [lodged] in [his] chest." *Id.* at 2. He also states that he is a "stroke victim," that he has "contracted [COVID-19] twice," and that he is "fully rehabilitated[,] [incurring] zero infractions" during his incarceration. *Id.*

Mr. Williams is currently imprisoned at FCI Schuylkill in Minersville, Pennsylvania. *Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/index.jsp (first name "Larry," last name "Williams") (last visited Jan. 11, 2023). His projected release date is May 30, 2025. *Id.* FCI Schuylkill is a "medium security federal correctional institution with an adjacent minimum security satellite camp." *FCI Schuylkill*, Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/sch/ (last visited Jan. 11, 2023). There are 1,161 total inmates at FCI Schuylkill, with 1,050 of those inmates housed at the correctional institution and 111 at the adjacent camp. *Id.* As of January 8, 2023, FCI Schuylkill reports zero active COVID-19 cases among inmates and three active cases among staff. *See Facility-Level BOP COVID-19 Trends*, Dep't of Just. Off. of the Inspector Gen., https://experience.arcgis.com/experience/ab22fb4c564e4f4b986e257c685190e8/page/page_2 (select "FCI Schuylkill") (last visited Jan. 11, 2023). In fact, the institution has not reported an inmate active COVID-19 case since September 29, 2022. *Id.* Nevertheless, FCI Schuylkill is operating at Level 2 of the Federal Bureau of Prisons'

("BOP") COVID-19 plan, meaning that various operational modifications are in place at the facility to prevent the spread of the virus. *FCI Schuylkill*, supra.

## II. Discussion

### A. Compassionate Release

The First Step Act empowers criminal defendants to request compassionate release for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). To grant an inmate's motion for compassionate release under section 3582(c)(1)(A)(i), the court must: (1) find that "extraordinary and compelling reasons" warrant a sentence reduction, and (2) consider the relevant 18 U.S.C. § 3553(a) sentencing factors. *Id.* § 3582(c)(1)(A). When analyzing "extraordinary and compelling reasons," "[t]he district court enjoy[s] broad discretion." *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021). The Fourth Circuit has determined that district courts may take an individualized approach regarding whether "extraordinary and compelling reasons" are established. *United States v. McCoy*, 981 F.3d 271, 286 (4th Cir. 2020). Therefore, "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

I have joined other courts in holding that I cannot find that "extraordinary and compelling reasons" exist to grant release because of COVID-19 unless the inmate has a medical condition that heightens his risk of developing a serious illness from COVID-19 *and* his prison conditions are such that the BOP cannot effectively prevent

3

the spread of COVID-19. *See United States v. Boston*, No. 2:19-cr-00162, 2021 WL 77466, at *2 (S.D.W. Va. Jan. 7, 2921). Factors include but are not limited to the steps the BOP has taken to stop the spread of COVID-19 in that particular prison, the steps the BOP has taken to follow the Centers for Disease Control and Prevention's ("CDC") guidance, the ability of inmates to socially distance, the amount of hygiene products and face masks provided to inmates, and the number of COVID-19 cases in that prison. *Id.* at *4; *see also United States v. Penaloza*, No. 19-238, 2020 WL 1555064, at *2 (D. Md. Apr. 1, 2020) ("[T]he mere presence of the virus, even in the detention setting, does not automatically translate to the release of a person accused."). In deciding which medical conditions result in an inmate being at higher risk for COVID-19, I will defer to the CDC's list of medical conditions causing an increased risk of severe illness from COVID-19. *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Dec. 6, 2022).

### 1. Exhaustion of Administrative Remedies and Section 3582(c)(1)(A)

Before a criminal defendant can request compassionate release from the court, the defendant must first ask the BOP to do so on his or her behalf and then wait thirty days. 18 U.S.C. § 3582(c)(1)(A). Upon such a motion from the BOP or from a defendant (after the BOP denies the request or thirty days have elapsed since the request was filed), a court "may reduce the term of imprisonment." *Id.*; *see also McCoy*, 981 F.3d at 283.

Mr. Williams attached to his motion a request to the warden for compassionate release, made on September 24, 2022. [ECF No. 181-1]. Thirty days have passed since Mr. Williams petitioned the warden. Therefore, I find that Mr. Williams has exhausted his administrative remedies. I now turn to whether Mr. Williams has alleged "extraordinary and compelling reasons" that justify compassionate release.

### 2. Extraordinary and Compelling Reasons

As explained above, to demonstrate "extraordinary and compelling reasons" for compassionate release, Mr. Williams must show that he has a medical condition that puts him at greater risk for developing a serious illness from COVID-19 *and* that the facility where he is housed has conditions such that its inmates are at a higher risk of contracting COVID-19.

Mr. Williams alleges that "extraordinary and compelling reasons" exist to grant him compassionate release due to COVID-19 because he is sixty-seven years old, he suffers from asthma, he has bullets lodged in his chest, and he previously suffered a stroke in 2020. [ECF No. 181, at 2–3]. According to the CDC, each of these conditions, except for the lodged bullets, are associated with an increased risk of severe illness from COVID-19. *People with Certain Medical Conditions*, supra. Given that Mr. Williams does have medical conditions that make him more likely to suffer serious illness from COVID-19, I next consider whether he has shown that his prison conditions are such that the BOP cannot effectively prevent the spread of COVID-19.

5

To begin, Mr. Williams has received the COVID-19 vaccination and booster. [ECF No. 181, at 5]. I have previously held that an inmate cannot demonstrate that "extraordinary and compelling reasons" exist due to COVID-19 when the inmate has been vaccinated against the disease. *United States v. Mowery*, No. 2:18-cr-00062, 2021 WL 1910041, at *2 (S.D.W. Va. May 11, 2021).

Moreover, Mr. Williams does not allege that the conditions at FCI Schuylkill give rise to the unmitigated spread of COVID-19. Indeed, FCI Schuylkill currently has no reported active inmate cases and only three active staff cases. *Facility-Level BOP COVID-19 Trends*, supra. The last reported active inmate case was on September 29, 2022, approximately three months before Mr. Williams filed the instant motion, and the facility has never reported an inmate death from the virus. *Id.*; *COVID-19 Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Jan. 11, 2023).

Mr. Williams has not shown that the existence of COVID-19 when combined with his age and medical conditions constitute "extraordinary and compelling reasons" justifying his immediate release or a sentence reduction. Therefore, I do not need to consider whether the 18 U.S.C. § 3553(a) factors support a reduced sentence in this case.[1] Mr. Williams's Motion for Compassionate Release is **DENIED**.

---

[1] This two-step approach is consistent with the Fourth Circuit's recent decision in *United States v. Malone*, No. 21-6242, 2023 WL 105673 (4th Cir. Jan. 5, 2023). A district court is only required to analyze the relevant 18 U.S.C. § 3553(a) factors once the defendant has shown "extraordinary and compelling reasons" warranting release. *Id.* at *5 ("[I]f the district court has determined that the defendant's § 3582(c)(1)(A) motion has demonstrated extraordinary and compelling reasons for release, it must then turn to the relevant sentencing factors set forth in § 3553(a) . . . .").

6

B. Additional Motions

In addition to his Motion for Compassionate Release, Mr. Williams has filed a Motion for Appointment of Legal Counsel [ECF No. 182], and a Motion for United States Probation Investigation and Recommendation [ECF No. 183].

In his Motion for Appointment of Legal Counsel, Mr. Williams "seek[s] appointment of counsel to facilitate the legal complexities associated with granting a Compassionate Release." [ECF No. 182, at 1]. A district "court has discretion to appoint counsel in proceedings under 18 U.S.C. § 3582(c) if the interests of justice so require." *United States v. Barnes*, No. 5:17-CR-326-FL-1, 2020 WL 4572918, at *1 (E.D.N.C. Aug. 7, 2020) (citing *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000)). Mr. Williams has not established that the interests of justice require appointment of counsel in this case. Mr. Williams has demonstrated through his filings that he is capable of requesting compassionate release without the assistance of counsel. Additionally, as set forth above, Mr. Williams's current circumstances do not justify compassionate release. Mr. Williams's Motion for Appointment of Counsel is **DENIED**.

In his Motion for United States Probation Investigation and Recommendation, Mr. Williams asks that the court "direct the United States Probation Department to investigate . . . [certain] facts" related to "his transitional release plan." [ECF No. 183, at 1]. Because the circumstances at FCI Schuylkill do not warrant compassionate release, it is not necessary to investigate Mr. Williams's "transitional release plan."

7

Mr. Williams's Motion for United States Probation Investigation and Recommendation is **DENIED**.

### III. Conclusion

For the foregoing reasons, Mr. Williams's motions [ECF Nos. 181, 182, 183] are **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: January 13, 2023

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

8